INTERNATIONAL & GREAT NORTHERN RY. CO. v. MRS. LACY JACOBS.

Decided December 5, 1904.

**1.—Railroads—Collision with Hand Car—Negligence—Signals.**

Where a section foreman was killed by a collision between a freight train and the hand car on which he was riding, while the train was running at an excessive rate of speed, and the engineer had failed to sound the whistle, as the rules required, for a curve near which the collision occurred, there was such negligence as rendered the railroad company liable for the death.

**2.—Same—Contributory Negligence.**

Failure of the men on the hand car, who knew that a train was due to pass about that time, to keep a closer lookout and to send a flagman ahead at the curve, held not to constitute contributory negligence, since they had the right to rely upon the whistle being blown for the curve and that the train would not be running at a rate in excess of that prescribed by the rules.

**3.—Same—Rule Abrogated by Custom.**

Where a rule requiring hand cars to be protected in such cases by flagmen had for years been disregarded by roadmasters whose duty it was to enforce it, a finding that it had been abrogated by long custom was justified.

Appeal from the District Court of Cherokee. Tried below before Hon. Tom C. Davis.

*N. A. Stedman* and *Gould & Morris,* for appellant.—The defendant had rules to govern the conduct of the deceased as section foreman, and if he violated a single one of these rules, and such violation contributed to cause his death, the plaintiffs can not recover. Southern Pac. Ry. v. Ryan, 29 S. W. Rep., 527.

*Wilson, Box & Watkins,* for appellee.—Where the evidence shows that the defendant was guilty of negligence that contributed to the death of deceased, and fails to show that the deceased was guilty of negligence which contributed to his injury, plaintiff is entitled to recover. I. & G. N. Ry. Co. v. Gray, 65 Texas, 32; Texas & P. Ry. Co. v. Smith, 114 Fed. Rep., 728; M. K. & T. Ry. v. Baker, 58 S. W. Rep., 964; Texas & P. Ry. Co. v. Webb, 72 S. W. Rep., 1044; G. H. & S. A. Ry. Co. v. Slinkard, 44 S. W. Rep., 35.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought for the purpose of recovering of the railway company damages for negligently causing the death of Charles Jacobs, the husband of plaintiff, and the father of her two minor children for whom she sues also as next friend. The deceased was killed in a collision between a hand car and a freight train belonging to the company, and the negligence alleged is excessive speed of the train and failure to give warning of its approach.

The defense was general denial and plea of contributory negligence in running the hand car too fast, in failing to keep a reasonable lookout for approaching trains, and in failing to observe a rule which required hand cars to be flagged under circumstances such as preceded and attended the accident. A trial before the court without a jury resulted in

a judgment in favor of plaintiffs, of which the company here complains solely on the ground that it is unsupported by the evidence.

The accident happened under the following circumstances: Deceased was a section foreman of defendant, and, in charge of his crew, was at work on his section extending north from Troupe, a station on defendant's line. It was the custom of the crew to go to and from their work on a hand car provided by the company for the purpose. On the afternoon of the accident deceased, with his section gang, went on the hand car to a point called Overton, several miles north of the north end of the section, and there made some purchases of whiskey and other things. The purpose of this visit to Overton is not shown by the record, and it has no bearing on the case except as a basis for the effort on the part of the defendant to show that deceased was under the influence of liquor at the time of the accident, and that is not insisted on here.

The gang returned to the section and worked until 5 o'clock p. m., when they began their return to Troupe on their hand car. They were about 4¾ miles from Troupe when they started. They knew that a freight train from the north was overdue and that a freight train from the south was overdue. It was cloudy, raining a little, and the wind was blowing from the north. Just before they started for Troupe a passenger train passed them going south, and as soon as it passed they mounted their hand car with purpose of following it in. It was the usual time for their return. While they knew trains were due from each direction, their chief concern seems to have been for the train due from the north. During their approach to the cut and curve near which the accident happened they stopped several times and looked and listened. Deceased then changed his position on the hand car so he could face the rear and watch for the train expected from that direction. When they had passed the cut a short distance in the direction of Troupe they discovered a freight train approaching them from the south at a speed variously estimated at from 12 to 30 miles per hour. It was not seen until it was within about 120 feet of the hand car. All the occupants of the car jumped and saved themselves except deceased and one other. In their effort to stop the car they became overbalanced and were unable to jump in time. They were both killed.

It was the rule and the custom for the engineer of this train to whistle for this cut and curve. He failed to do so in this instance, and this though he was informed at Troupe that deceased and his gang were on the road and advised to look out for them. There·was a road crossing near the curve and the whistle was not blown for it. Had the whistle been blown at either point, the occupants of the hand car would have heard it and saved themselves.

The evidence is also sufficient to sustain the finding that the train was running at an excessive speed, the limit fixed by the rules for freight trains being 12 miles an hour.

We are of opinion, therefore, that the evidence shows negligence on the part of the operatives of the freight train in both these respects.

With respect to the issue of contributory negligence on the part of deceased the facts are as follows: With knowledge that a train was overdue from each direction deceased undertook to follow the passenger

train six miles into Troupe and to get in ahead of the freight then due from the north. After stopping and listening just before entering the cut, they proceeded at a speed estimated at from six to ten miles an hour. Had they stopped the hand car and sent a flagman ahead through the cut, or had they sent a man to the edge of the cut, the coming train could have been seen. Had they kept a continual lookout in the direction of their course when they left the cut, they could have seen the coming train in ample time to have saved themselves. For this appellant insists that deceased is shown as a matter of law to have been guilty of contributory negligence.

We do not think we would be justified in disturbing the judgment upon that ground. The occupants of the hand car were charged with the duty to exercise ordinary care under the circumstances of the situation. As they were following a train that had just passed them, and had only six miles to go, they might reasonably suppose that a freight train going no faster than 12 miles an hour would not have reached that point so soon after the passing of the passenger train at Troupe. They were naturally anxious about the train which they supposed was following, as they had no means of gauging its nearness. For this purpose they stopped and listened more than once,—the last time so near the place of the accident that had the operatives on the train which caused the accident done their duty in sounding the signals designed by the rules for this very purpose, the deceased and his companions must have heard. Upon the performance of that duty deceased had the right to rely, and for this reason it becomes an element to be considered in determining the extent of the care exercised by deceased.

It is also contended that a rule was shown to be in force which deceased violated, and that but for this the accident would not have occurred. The rule is as follows: "Great watchfulness must be exercised in the use of hand cars and truck cars. Where by reason of fogs, sharp curves or the like, risk is involved, they must be protected by flagmen. This is particularly necessary in the case of loaded truck cars."

This rule was promulgated many years ago, and was on the printed time card in possession of deceased. With respect to this rule the court made two findings: (1) that if the rule was in force, deceased did not violate its terms; (2) it had been abrogated by long custom.

Considering the peculiar wording of the rule, the first finding is not without plausibility. But its accuracy need not be determined because we are unable to say that the second is without evidence to sustain it. The rule seems wise and salutary, but there is direct evidence to the effect that for years it had been disregarded with the knowledge and acquiescence of roadmasters whose duty it was to enforce it.

·The judgment is not without evidence to support it. We therefore affirm it.

*Affirmed.*

**Writ** of error refused.